UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WENDELL THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09-cv-230 |
| | ) | *Mattice / Lee* |
| HAMBLEN COUNTY, TENNESSEE, and | ) | |
| ESCO R. JARNIGAN, Sheriff of Hamblen | ) | |
| County, Tennessee, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, Wendell Thomas, filed a prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 [Court Doc. 3]. Plaintiff alleges, on behalf of himself and others similarly situated, that Defendants have acted with gross negligence or with knowing and wanton disregard of Plaintiff's constitutional rights by failing to alleviate unsanitary conditions, provide adequate medical care, allow exercise and recreation, provide access to legal materials, provide basic hygiene items, or adequately staff the facility, among other things, all in violation of the Fifth, Eighth, and Fourteenth Amendments.

Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP") [Court Doc. 1]. Plaintiff's IFP application was granted by the Court on October 15, 2009 [Court Doc. 2]. The Court's order, however, did not incorporate the relevant requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915. For that reason, the Court's order granting Plaintiff's IFP status [Court Doc. 2] is hereby **VACATED**. Accordingly, the Court will consider Plaintiff's application to proceed IFP [Court Doc. 1]

anew.

Under the PLRA, a court may authorize the commencement of a civil action without prepayment of the filing fee if the plaintiff is unable to pay the fee. Where the plaintiff is a prisoner, however, the statute provides a method by which funds must be garnished from the prisoner's trust account to pay the filing fee after commencement of the action. 28 U.S.C. §§ 1915(b). In addition, if the court determines while evaluating a prisoner's IFP application, or any time thereafter, that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, the court must dismiss the case. *Id.* § 1915(e)(2). *See also id.* § 1915A(b). A prisoner may not be granted IFP status if he has previously brought, as a prisoner, three or more suits that were dismissed as frivolous, malicious, or inadequate to state a claim for relief, unless the prisoner is under imminent danger of serious physical injury. *Id.* § 1915(g).

At this time, the Court is unable to conclude that the claims are frivolous or malicious or that the complaint does not state a claim for a constitutional violation. Nor does it appear Plaintiff has previously brought any suits that were dismissed on those grounds. Accordingly, the case will be allowed to proceed. It appears from Plaintiff's IFP application that he did at that time lack sufficient financial resources to pay the required filing fee of $350.00, and Plaintiff's application to proceed IFP [Court Doc. 1] is therefore **GRANTED**. Plaintiff is not, however, relieved of the ultimate responsibility of paying the $350.00 filing fee, but will be **ASSESSED** the full civil filing fee of $350.00 pursuant to 28 U.S.C. § 1915(b).

The custodian of Plaintiff's inmate trust account at the institution where he now

resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmatetrust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to notify and to provide the prison officials at any new institution with a copy of this order if he is transferred to another institution. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and the Custodian of Inmate Accounts at the Hamblen County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for

the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with this order.

     **SO ORDERED** this 28th day of June, 2010.


                 */s/Harry S. Mattice, Jr.*
                 HARRY S. MATTICE, JR.
              UNITED STATES DISTRICT JUDGE